

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commisaioner
P. O. Box 1062
Austin, Texas

Dear Mr. Satterfield:

Opinion No. O-6028
Re: A fireman who was injured or killed when not on active duty is not eligible for retirement and partial, permanent or death benefits, under Article 6243-e, Sec. 7, Revised Statutes, 1925, as amended.

Your letter of February 7, calling our attention to Section 7, Article 6243-e, Revised Statutes of 1925, as amended, relating to the rights of a fireman who is injured or killed on his way to work has been given our careful consideration. You ask this question:

"If a paid fireman who lives in a residence or some other place some distance from the fire station at which he works, should be injured or killed in an accident while on his way to the fire station to go on duty, or coming from the fire station from his duties at the fire station; would his injury or death, as the case might be, be considered as having occurred "while in and/or in consequence of the performance of duty as a fireman and would he be eligible for retirement and partial, permanent, or death benefits"?

We do not find where this particular statute has been construed by our courts. The terms used therein, however, are almost identical with, or at least very similar to, the conditions required for a recovery contained in the Workmen's Compensation Law, Article 8306, Section 1, of the Revised Statutes, which reads:

"That in an action to recover damages for personal injuries sustained by an employee in the course of his employment or upon death resulting from personal injuries sustained."

In construing said section of the Workmen's Compensation Statute, the question has many times been before the court as to what is meant by the expression "in the course of his employment." The holdings of our courts are well summarized in the opinion of the Supreme Court in the case of Smith vs. Texas Employers' Insurance Association, 105 S. W. (2d) 192, which reads as follows:

"(1) It is now firmly settled by the decisions construing our statute that 'in order that an employee may recover under the provisions of this law (the compensation law), proof that his injury occurred, while he was engaged in or about the furtherance of the employer's affairs or business is not alone sufficient. He must also show that his injury was of such kind and character as had to do with and originated in the employers work, trade, business, or profession.' Texas Indemnity Insurance Company v. Clark, 125 Tex. 96, 81 S. W. (2d) 67, 69, and authorities there cited.

"(2,3) It has further been firmly settled that compensation is not allowable for injuries to employees while going to or returning from the place of their employment, except in certain particular cases. Viney v. Casualty Reciprocal Exchange (Tex. Civ. App.) 82 S. W. (2d) 1088; London Guaranty & Accident Company v. Smith (Tex. Civ. App.) 290 S. W. 774 (writ refused); American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, expressly approved in Lumbermen's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Lloyds Casualty Company v. Rodriguez (Tex. Civ. App.) 36 S. W. (2d) 261 (writ refused). This conclusion is based on the premise that one injured upon

the streets or highways while going to or from
his work suffers his injury as a consequence
of risks and hazards of the streets and highways
to which all members of the public are alike sub-
ject, and not as a consequence of risks and hazards
having 'to do with and originating in the work,
business, trade or profession of the employer'.
The statute clearly implies, as has frequently been
held, that the injury has to do with and originates
in the employment when such injury is the result of
some peril, risk, or hazard inherent in or incident
to the conduct of the work or business."

In view of the holding of our Supreme Court as
contained in the opinion above quoted, we are of the opin-
ion your question should be, and therefore is, answered
in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

/s/

George W. Barcus
Assistant

CWB:zd:djt

Approved Feb. 16, 1945
/s/ Carlos C. Ashley
First Assistant
Attorney General

Approved Opinion Committee
By BWB Chairman